# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID T. BREAKWELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 08-389 |
| | ) | |
| v. | ) | Judge Fischer |
| | ) | Magistrate Judge Caiazza |
| ALLEGHENY COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the District Court grant in part and deny in part Defendants' Motion to Dismiss (Doc. 4), as described below.

### II. REPORT

**BACKGROUND**

In this Section 1983 action, the facts alleged are as follows.[1] Plaintiffs David and Christine Breakwell ("Plaintiffs") are the paternal grandparents of minor child Fawn Breakwell ("the Child" or "Fawn") (Doc. 1-3 at ¶10; Doc. 8 at p. 1), who by family agreement, lived with Plaintiffs from September 2004 to December 2004. (Doc. 1-3 at ¶¶10, 16; Doc. 8 at p. 1). The Child was returned to Plaintiffs' custody on October 15, 2005, and she has remained there since.

---

[1] The facts, as summarized here, are drawn from the Complaint (Doc. 1-3) and echoed in Plaintiffs' Opposition Brief (Doc. 8).

(Doc. 1-3 at ¶¶17-21, 23; Doc. 8 at p. 2).

On or about December 13, 2005, Fawn's biological parents were arrested and jailed. (Doc. 1-3 at ¶24). With full knowledge of the custody arrangements for Fawn, Defendant Allegheny County Department of Human Services, Office of Children, Youth and Family Services ("CYF") instituted dependency proceedings concerning the Child, whereby Defendants sought to remove her from Plaintiffs' care. (Id. at ¶25; Doc. 8 at p. 2). The allegations that spawned the proceedings were leveled solely against Fawn's biological parents - who had neither control nor custody of the Child - not against Plaintiffs. (Doc. 8 at p. 2).

An emergency shelter hearing was scheduled for December 14, 2005, during which Defendant CYF sought the removal of Fawn from the care and custody of Plaintiffs. (Doc. 1-3 at ¶29; Doc. 8 at p. 3). At the hearing, Tera Terlecki ("Terlecki"), a CYF agent assigned to the case, testified that she believed Fawn to be happy and healthy, and confirmed that she had been residing with Plaintiffs since October 15, 2005, pursuant to family agreement. (Doc. 1-3 at ¶¶29-30; Doc. 8 at p. 3). Following the hearing, an order was entered by the Honorable Kim Berkeley Clark of the Court of Common Pleas of Allegheny County, Juvenile Division, providing for the continued placement of Fawn with Plaintiffs, and appointing Plaintiff David Breakwell to serve as the Child's medical and educational guardian. Judge Clark also

suspended visitation rights for Fawn's biological parents, advising Defendant CYF that court authorization and approval was required for reinstatement. (Doc. 1-3 at ¶¶31-33; Doc. 8 at p. 3).

Plaintiffs instituted custody proceedings concerning Fawn in the Adult Section of the Court of Common Pleas of Allegheny County, and were supported by Fawn's biological father who filed a consent and joinder confirming his and the mother's agreement for Plaintiffs' custody of the Child. (Doc. 1-3 at ¶¶34-38; Doc. 8 at p. 4). Despite being aware of facts sufficient to establish Plaintiffs as standing *in loco parentis*, Defendant CYF filed a petition for dependency respecting Fawn on January 23, 2006, and an amended petition on January 27, 2006. (Doc. 1-3 at ¶¶40-46; Doc. 8 at p. 4). Neither the original petition nor the amended one contained any allegations that Plaintiffs were not providing Fawn with adequate care and supervision. (Doc. 8 at p. 4). Nonetheless, Defendant CYF continued to pursue its investigation.

Plaintiffs were subjected to home inspections on October 20, 2005, and January 12, January 27, and April 2006. (Doc. 1-3 at ¶¶50-54). On each occasion, Defendant CYF concluded that Plaintiffs' home was clean and safe, and was appropriate and suitable for Fawn. (Id.). Further, and in violation of the directive issued by Judge Clark at the emergency shelter hearing,

Defendants Alexis Ann Samulski ("Samulski"), Linda Dedominicis ("Dedominicis") and Terlecki, required Plaintiffs to have Fawn participate in visits with her biological mother. (Doc. 1-3 at ¶59; Doc. 8 at p. 5). Defendant CYF informed Plaintiffs that their failure to comply would result in the permanent removal of Fawn from their care and custody. (Doc. 1-3 at ¶61; Doc. 8 at p. 5).

A dependency hearing relating to Fawn was held on May 22, 2006 before Judge Clark. During this proceeding, and despite a complete lack of supporting evidence, Defendant CYF continued to argue that Fawn was a dependant child and sought her removal from Plaintiffs' custody. (Doc. 1-3 at ¶¶62-64; Doc. 8 at p. 5). Judge Clark found that Plaintiffs had been standing *in loco parentis* to Fawn since October 15, 2005, she dismissed CYF's petitions for dependency, and she awarded Plaintiffs custody of the Child. (Doc. 1-3 at ¶¶65-68; Doc. 8 at p. 6).

Plaintiffs claim that, even after Defendant CYF's dependency action was dismissed, CYF continued to pursue the case. (Doc. 1-3 at ¶70; Doc. 8 at p. 6). On July 19, 2006, Defendants Dedominicis and Terlecki appeared at Plaintiffs' residence for a home inspection, they demanded entry, and made an unsuccessful attempt to forcefully enter the premises. (Doc. 1-3 at ¶¶71-72; Doc. 8 at p. 6).

On April 24, 2007, Judge Clark entered a final order in the Adult Family Division case stating that the court would take no further action in the custody case and that the May 22, 2006 order remained in effect. (Doc. 1-3 at ¶¶73-74; Doc. 8 at p. 6).

On these facts, Plaintiffs allege violations of their constitutional rights under the Fourth and Fourteenth Amendments. (Doc. 1-3 at ¶¶82-91).

## **ANALYSIS**

In their Brief (Doc. 5), Defendants put forth three arguments: (a) Plaintiffs fail to state a substantive claim under Section 1983; (b) the individual capacity claims against Defendants are barred by absolute quasi-judicial immunity; and (c) CYF is not an entity subject to suit under Section 1983. The undersigned will address these arguments in the order listed.

### A. **Plaintiffs' Substantive Claims**

Section 1983 does not provide a plaintiff with substantive rights in and of itself - it merely provides a remedy for violation of designated federal rights. Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 617-18 (1979); Benckini v. Upper Saucon Twp., 2005 U.S. Dist. LEXIS 23765, at *3 (E.D. Pa. Oct. 17, 2005). From a burden of proof perspective, a claim under the statute has two prerequisites. First, the conduct of a defendant must deprive a plaintiff of a right

secured under the Constitution or laws of the United States. Colburn v. Under Darby Twp., 838 F.2d 663, 667 (3d Cir. 1988). Second, the alleged conduct must be committed by a person acting under color of state law. Id.; see also Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005).

Plaintiffs have met their initial burdens under Section 1983. The Complaint alleges that Defendants pursued a legally and factually baseless dependency action regarding Fawn, to the constitutional detriment of the Plaintiffs. (Doc. 1-3 at ¶¶82-98). There currently is no dispute that Defendant CYF and its agents acted under color of state law. Plaintiffs, moreover, have identified a host of purported constitutional violations under the Fourth and Fourteenth Amendments, and Defendants have failed to demonstrate why one or more of these claims do not survive scrutiny under Federal Rule 12(b)(6). Compare, e.g., Doc. 1-3 at ¶92 (claiming Plaintiffs were victims of unreasonable searches and seizures) with discussion supra (noting allegations that Defendants attempted to forcefully enter Plaintiffs' residence).

Defendants have failed to show their entitlement to dismissal regarding Plaintiffs' substantive claims.

### B. **Absolute Immunity**

Defendants rely primarily on Ernst v. Child & Youth Services of Chester County, in which the Third Circuit Court concluded:

> [CYF] defendants are entitled to absolute
> immunity for their actions on behalf of the
> state in preparing for, initiating, and
> prosecuting dependency proceedings. Their
> immunity is broad enough to include the
> formation and presentation of recommendations
> to the court in the course of such
> proceedings.

Id., 108 F.3d 486, 495 (3d Cir. 1997) (citations omitted).

The Ernst Court reached this conclusion based upon the following: it likened the CYF employees to prosecutors; there was a threat of CYF workers being overwhelmed by suits against them for actions taken in their official capacity; and the CYF agencies had a supervisory structure in place to ensure appropriate decision-making. Id. at 495-97. The Court, however, restricted its holding as follows:

> [Absolute immunity] concerns only actions
> taken by child welfare workers in the context
> of dependency proceedings. Like our sister
> courts in the Fifth, Sixth, Seventh, and
> Tenth Circuits, we would be unwilling to
> accord absolute immunity to 'investigative or
> administrative' actions taken by child
> welfare workers outside the context of a
> judicial proceeding.

Id. at 497 n.7 (citations omitted). Thus, a caseworker may be liable for conduct taken "during the investigation phase of a child custody proceeding." Underwood v. Beaver County Children and Youth Servs., 2005 U.S. Dist. LEXIS 23012, at *1 (W.D. Pa. Oct. 7, 2005) (citing Miller v. City of Philadelphia, 174 F.3d 368, 376 n.6 (3d Cir. 1999)); Wilson v. Rackmill, 878 F.3d 772,

775-76 (3d Cir. 1989).

In addressing questions of immunity, the Third Circuit has adopted a "functional" approach. Under it, "a guardian *ad litem* would be absolutely immune in exercising functions such as testifying in court, prosecuting custody and neglect petitions, and making reports and recommendations to the court in which the guardian acts as an actual functionary or arm of the court, not only in status or denomination, but in reality." Harris v. Lehigh County Office of Children & Youth Servs., 418 F. Supp.2d 643, 649 (E.D. Pa. June 16, 2005) (quoting Gardner v. Parson, 847 F.2d 131, 146 (3d Cir. 1989)). This does not "exhaust the list of functions which would be absolutely immune," however, and each function [must] be *analyzed on a case-by-case basis*." Id. (emphasis added).

Here, Plaintiffs allege that CYF's multiple home inspections constituted investigative activities unrelated to the individual Defendants' roles in the dependency proceedings, and so were outside the scope of absolute immunity. (See Doc. 8 at p. 9). Similarly, Plaintiffs claim that Defendants' insistence on Fawn's participation in visits with her biological mother "was not integral to the judicial process, [and thus] absolute immunity is not warranted." (Id.) (quoting Snell v. Tunnell, 920 F.2d 673, 689 (10th Cir. 1990)).

There are no hard and fast rules concerning which functions should be considered administrative or investigative, and which should be granted absolute immunity. Rather, each function must be analyzed on a case-by-case basis. In order to conduct such an analysis, a reviewing court must have access to all the relevant facts.

Plaintiffs' counsel states, and Defendants fail to dispute, that CYF refused to provide complete, unredacted copies of its records through the state court proceedings, and no discovery has been offered or taken in this case. (Doc. 8 at p. 2 n.4). Under the circumstances, dismissal is inappropriate and Defendants' Motion should be denied.

### C. **Claims Against the County's Subunit**

Defendants seek dismissal of the claims against CYF. (Doc. 5 at p. 4). Defendants argue, and Plaintiffs concede, that although Allegheny County is an entity subject to suit, CYF is merely a sub-unit of the County and cannot be sued. (Id.; see Doc. 8 at p. 12 n.11). Thus, Defendants' Motion should be granted to this extent.

### **CONCLUSION**

For all of the reasons stated above, Defendants' Motion to Dismiss (Doc. 4) should be granted in part and denied in part, as described in this Report.

In accordance with the Magistrates Act, 20 U.S.S. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by August 15, 2008. Responses to objections are due by August 25, 2008.

July 30, 2008

*Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

James E. Mahood, Esq.
Caroline Liebenguth, Esq.